NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRIS K. BENNETT,

          Plaintiff-Appellee,

  v.

CHRIS HICKS, Correctional Unit
Supervisor, CRCC,

          Defendant-Appellant,

 and

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS; et al.,

          Defendants.

No.   22-36046

D.C. No. 2:21-cv-00154-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted December 7, 2023
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Chris Hicks appeals from the district court's denial of summary judgment

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. *See Peck v. Montoya*, 51 F.4th 877, 885 (9th Cir. 2022). We review de novo and reverse.

Kris Bennett brought this action under 42 U.S.C. § 1983, alleging that Hicks violated the Eighth Amendment in failing to protect him from assault by his prison cellmate. Hicks filed an answer pleading qualified immunity as an affirmative defense. We assume without deciding that a genuine dispute exists as to whether Hicks violated the Eighth Amendment.

"Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). To show that the law was clearly established at the time of the events, "[p]laintiffs must '*identify a case* where an officer acting under similar circumstances as [the defendant] was held to have violated the [Eighth] Amendment.'" *Sharp v. Cnty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)). Here, Bennett fails to do so. In his briefing and at oral argument, Bennett points to only two cases: *Farmer v. Brennan*, 511 U.S. 825 (1994), and *Wilk v. Neven*, 956 F.3d 1143 (9th Cir. 2020). But the Court in *Farmer* merely established the broad strokes of a failure to protect claim under the Eighth Amendment, which "is not sufficient" to put a reasonable officer on notice as to whether the officer's conduct violated the Constitution, *see*

*Est. of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002); and the Ninth Circuit published *Wilk* in 2020, two years after the alleged constitutional violation in this case, *see* 956 F.3d at 1143. Bennett has thus failed to identify a case that demonstrates what "clearly established constitutional right" Hicks violated. *See Pearson*, 555 U.S. at 232. Accordingly, Hicks is entitled to qualified immunity, and we reverse the district court's ruling to the contrary.

**REVERSED.**